United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20745

_____

MICHAEL SENDEJAS, SR; RUTHIE HERNANDEZ;

Plaintiffs-Appellants

JESUS SENDEJAS

Appellant

versus

MARITIME ASSOCIATION ILA

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
No. 4:04-CV-613

_____

Before JONES, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jesus Sendejas appeals the district court's grant of
summary judgment in favor of his brother's employee pension plan,
Maritime Association ILA (the "Plan"). Finding no error, we
AFFIRM.

**BACKGROUND**

Luis Sendejas was covered under an employee pension plan
until his death in 1991. In 1996, the Maritime Association-I.L.A.
Pension Plan (the "Plan") retroactively amended its language to

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

vest all participants in the Plan and guarantee a new survivor benefit. Because of the retroactive benefit, Luis Sendejas's beneficiaries were eligible to receive about $105,513. The Plan did not notify Luis Sendejas's beneficiaries about their elibility, however, and no payment was made until Jesus Sendejas, Luis's brother, applied for the benefit in 2003. A week after his application, the Plan paid Jesus the benefit. Jesus Sendejas filed suit for equitable restitution under ERISA for the interest on his brother's benefit, and he now appeals the district court's grant of summary judgment in favor of the Plan.

**DISCUSSION**

Labeling his claim "unjust enrichment," Jesus Sendejas argues that he is entitled to interest on his brother's benefit, without regard to fault. ERISA provides for "other equitable relief" only when there has been a violation of ERISA or the Plan. 29 U.S.C. § 1132(a)(3) provides that a beneficiary may bring a civil action

> (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or
> (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

Id. In construing this section, courts should be "especially 'reluctant to tamper with [the] enforcement scheme' embodied in the statute by extending remedies not specifically authorized by its text." Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 209, 122 S. Ct. 708, 712 (2002) (quoting Mass. Mut. Life Ins.

<u>Co. v. Russell</u>, 473 U.S. 134, 147, 105 S. Ct. 3085, 3093 (1985)).

ERISA thus provides that a beneficiary may sue for appropriate equitable relief if, and only if, there is a violation of either the Plan or the ERISA statute. <u>See, e.g.</u>, <u>Fotta v. Trs. of United Mine Workers of Am.</u>, 319 F.3d 612, 616 (3d Cir. 2003). Within a week of applying for benefits, Jesus Sendejas received them. Pursuant to the terms of the Plan, beneficiaries are not entitled to anything until they apply for a benefit. Accordingly, the district court correctly concluded that there was no breach of the Plan. Further, there is simply no violation of ERISA when a Plan pays a benefit only upon entitlement.

## CONCLUSION

We need not reach the difficult issues latent in this case, because it is clear that Jesus Sendejas can point to no facts that demonstrate a breach of the Plan language or the ERISA statute. Accordingly, the district court is AFFIRMED.